IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| RICHARD L. AMBROSE, #K89049, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No:   02 1052 JPG |
| ) | |
| NANCY PUCKETT, NANCY THOMAS, ) | |
| STEVE THOMAS, TAMMY YATES, ) | |
| C. ADAMS, DEBRA ISAACS, EVA ) | |
| FRED, VARLYN STANLEY, J. MILLER, ) | |
| DEBRA LITTLE, DR. HAMBY, ) | |
| ALFRED GARCIA, M.D., DR. ROWE, ) | |
| and WEXFORD HEALTH SOURCES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Richard L. Ambrose's ("Ambrose") motion for leave to appeal *in forma pauperis* and for appointment of counsel (Doc. 53). The Court will reserve ruling in part and deny in part the motion as explained below.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

With his petition for leave to appeal *in forma pauperis*, an applicant must include an affidavit setting forth his inability to pay or give security for the fees and costs he must pay, a

05415-N5623
TMP/ej

claim of entitlement to redress, and the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). A prisoner must also include a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(a)(2). Without a statement of issues the applicant intends to pursue on appeal, the Court cannot determine whether an appeal would be frivolous.

**IT IS THEREFORE ORDERED** that plaintiff shall submit on or before September 30, 2005, the required affidavit and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. The Court **RESERVES RULING in part** on Ambrose's motion (Doc. 53) to the extent that it requests leave to proceed *in forma pauperis* pending receipt of the aforementioned documents.

As for Ambrose's request for appointment of counsel, the Court notes that it does not have the authority to appoint counsel on appeal; only the Court of Appeals can make such appointments once a notice of appeal has been filed. Accordingly, the Court **DENIES in part** the motion (Doc. 53) **without prejudice** to refiling a motion in the Court of Appeals.

**IT IS SO ORDERED.**
**DATED:  August 30, 2005**

                                        s/ J. Phil Gilbert
                                        **United States District Judge**